JN/ABS:SWR
F. #2018R01876

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 09 2019 ★
BROOKLYN OFFICE

DONNELLY, J.
BULSARA, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

OLEG FUZAYLOV,

           Defendant.

- - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. 19  581
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1349 and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   Background

    A.   The Medicare and Medicaid Programs

        1.     The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.     The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in

participating states, including New York.  Individuals who received benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

3.      Medicare and Medicaid each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

4.      Medicare included coverage under two primary components, hospital insurance ("Medicare Part A") and medical insurance ("Medicare Part B").  Medicare Part B covered the costs of physicians' services and outpatient care, including physical therapy, occupational therapy, chiropractic services and diagnostic tests.  Generally, Medicare Part B covered these costs only if, among other requirements, they were medically necessary and ordered by a physician.

5.      Medicaid covered the costs of medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Among the specific medical services and products provided by Medicaid were physical therapy, occupational therapy and diagnostic tests.  Generally, Medicaid covered these costs only if, among other requirements, they were medically necessary and ordered by a physician.

6.      Medical providers and suppliers that sought to participate in Medicare Part B and Medicaid, and to bill Medicare and Medicaid for the cost of their treatment of eligible beneficiaries and related benefits, items and services, were required to apply for and receive a provider identification number ("PIN") or provider transaction access number ("PTAN") from each program.  The PIN or PTAN allowed medical providers and suppliers to submit bills, known as claims, to Medicare and Medicaid and to obtain reimbursement for the cost of treatment and related health care benefits, items and services that they had supplied or provided to beneficiaries.

7. Medical providers were authorized to submit claims to Medicare and Medicaid only for services they actually rendered and were required to maintain patient records verifying the provision of services. By submitting a claim, the provider certified, among other things, that the services were rendered to the patient and were medically necessary.

8. Providers submitted claims to Medicare and Medicaid using billing codes, also called current procedural terminology or "CPT" codes, which were numbers referring to specific descriptions of the medical services provided to beneficiaries.

B. The Relevant Entity and the Defendant

9. Global Rehabilitation Medical P.C. ("Global Rehab") was a New York corporation that maintained offices, and purportedly provided physical therapy to beneficiaries, at 97-01 66th Avenue in Rego Park, New York. Global Rehab was enrolled with Medicare from at least 2001 to the present and with Medicaid from at least 2005 to the present.

10. The defendant OLEG FUZAYLOV was a licensed medical doctor in New York and the owner of Global Rehab.

II. The Fraudulent Scheme

11. From approximately October 2010 through August 2018, the defendant OLEG FUZAYLOV, together with others, agreed to execute and executed a fraudulent scheme at Global Rehab through which false and fraudulent claims were submitted and caused to be submitted electronically through interstate commerce to Medicare and Medicaid for physical therapy even though such services were not medically necessary, were often not provided and otherwise did not qualify for reimbursement.

12. The defendant OLEG FUZAYLOV, together with others, submitted and caused to be submitted false and fraudulent claims electronically through interstate commerce to

3

Medicare and Medicaid reflecting that physical therapy had been provided to beneficiaries by licensed physical therapists. In fact, such services either had not been provided or had not been provided in the amount claimed. Instead, at Global Rehab, Medicare and Medicaid beneficiaries typically received massages and other treatments from massage therapists and other unlicensed persons, which treaments and services were not eligible for reimbursement by Medicare and Medicaid.

## CONSPIRACY TO COMMIT HEALTH CARE AND WIRE FRAUD

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between October 2010 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant OLEG FUZAYLOV, together with others, did knowingly and intentionally conspire to:

(a) execute a scheme and artifice to defraud Medicare and Medicaid, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicaid, in connection with the delivery of and payment for health care benefits, items and services at Global Rehabilitation Medical P.C., contrary to Title 18, United States Code, Section 1347.

(b) devise a scheme and artifice to defraud Medicare and Medicaid, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate

commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

15. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

*Michael LaBarbiera*
FOREPERSON

*Richard P. Donoghue*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*[signature] FOR*
ROBERT ZINK
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F.#: 2018R01876

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

OLEG FUZAYLOV,

Defendant.

## INDICTMENT

((T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1349 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *Michael LaBarbera* _____

*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

*Clerk*

Bail, $ _____

*Sarah Wilson Rocha, Trial Attorney, Criminal Division (718) 254-6366*